UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE CEMETERY WORKERS SUPPLEMENTAL
PENSION FUND, by its TRUSTEES SAL
ALLADEEN and KEVIN BOYD,

                              Plaintiffs,

18 Civ.

COMPLAINT

       -against-

UNIONFIELD CEMETERY of
CONGREGATION RODEPH SHOLOM,

                              Defendant.
------------------------------------------------------------------X

      Plaintiff, TRUSTEES OF THE CEMETERY WORKERS SUPPLEMENTAL PENSION FUND by its Trustees SAL ALLADEEN and KEVIN BOYD, by their attorneys, O'DWYER & BERNSTIEN, LLP, complaining of defendant, allege the following:

## NATURE OF ACTION

      1.     This is an action arising under the Employee Retirement Income Security Act of 1974 ("ERISA"); 29 U.S.C. §1001, et seq., and the Labor Management Relations Action of 1974 ("LMRA"), 29 U.S.C. §152 et seq., to compel defendant to comply with an audit of its benefit contributions and to make any and all benefit fund contributions found due and owing in accordance with the applicable law, trust agreements, and the collective bargaining agreement and to compel payment of other assessments imposed by the Funds as to which defendant is delinquent.

## JURISDICTION

2. Jurisdiction over this cause of action is conferred upon this Court by Sections 502(a)(3), 502(e), and 502(f) of ERISA, 29 U.S.C. Sections 1132(a) (3), (e), and (f).

## VENUE

3. Venue is proper in this district pursuant to ERISA Section 502(e)(1), 29 U.S.C. §1132(e)(1), in that the Plan is administered in the Eastern District.

## PARTIES

4. At all times relevant herein the CEMETERY WORKERS SUPPLEMENTAL PENSION FUND (hereinafter "the PENSION FUND"), was a jointly trusteed employee benefit plan within the meaning of Sections (3)(1), (2), and (3) of ERISA and §502(d)(1) of ERISA, 29 U.S.C. Sections 1002(1), (2), (3) and 1132(d)(1). Sal Alladeen and Gerald Haas are Trustees of the PENSION FUND and appear in their representative capacities.

5. At all times relevant herein, the PENSION FUND had its principal place of business at 36-36 33rd Street, Long Island City, New York 11106.

6. Upon information and belief, defendant UNIONFIELD CEMETERY OF CONGREGATION RODEPH SHOLOM ("UNIONFIELD CEMETERY") was a cemetery operating in Queens, New York, with offices located at 8211 Cypress Avenue, Ridgewood, New York 11385.

7. Upon information and belief, at all relevant times herein, defendant UNIONFIELD CEMETERY was an employer in an industry affecting commerce within the meaning of ERISA Sections (3)(5), (11), and (12), 29 U.S.C. §§1002 (5), (11), and (12).

8. Upon information and belief, at all relevant times herein, there was in force and effect a collective bargaining agreement, including extensions thereof, by and between

Local 74, United Service Workers Union, International Union of Journeymen and Allied Trades ("Local 74"), or its predecessor and the Cemetery Employers Association of Greater New York ("CEA").

9. At all relevant times herein, defendant UNIONFIELD CEMETERY was a member of the Cemetery Employers Association of Greater New York.

10. At all relevant times herein, defendant UNIONFIELD CEMETERY appointed the CEA to represent its interests and in its behalf with respect to labor relations by virtue of its membership in the CEA.

11. At all relevant times herein, defendant UNIONFIELD CEMETERY was a signatory to a collective bargaining agreement with Local 74 establishing terms and conditions of employment of bargaining unit workers of UNIONFIELD CEMETERY.

12. At relevant times herein, Local 74 and UNIONFIELD CEMETERY were parties to collective bargaining agreements and extensions thereof establishing terms and conditions of employment of bargaining unit employees of UNIONFIELD CEMETERY.

13. At all relevant times herein there were in force and effect a Declaration of Trust of the PENSION FUND and a Delinquent Contribution Collection Policy, among other documents, with which defendant was required to comply.

14. At all relevant times herein there were in force and effect Trustee resolutions of the PENSION FUND with which defendant was required to comply by virtue of the Declaration of Trust of the PENSION FUND, among other documents and applicable law.

## COUNT I

15. Plaintiff repeats the allegations of the preceding paragraphs of the complaint as if set forth in full hereat.

16. Commencing in or about 2017, auditors acting on behalf of the PENSION FUND have attempted to obtain access to Defendant's books and records for the purposes of conducting an audit of UNIONFIELD CEMETERY'S obligation to make full and complete contributions on behalf of covered employees.

17. Despite repeated requests by said auditors and others acting on behalf of the PENSION FUND from that date forward, including demands by Fund counsel, to date, UNIONFIELD CEMETERY has failed and refused to cooperate with Plaintiff's auditors in conducting said audit.

18. The failure and/or refusal of UNIONFIELD CEMETERY'S to cooperate with the audit process, including but not limited to making its books and records available to the PENSION FUND'S auditors, violates, *inter alia*, the collective bargaining agreement (and extensions thereof), the trust agreements establishing the PENSION FUND, the delinquency collection guidelines and other rules and regulations adopted by the PENSION FUND with which UNIONFIELD CEMETERY is required to comply, and ERISA, including but not limited to Section 515, 29 U.S.C. §1145.

19. Upon information and belief, unless ordered by this Court, UNIONFIELD CEMETERY'S will continue to fail and refuse to comply with the audit and will therefore be delinquent in its contributions.

20. Upon information and belief, UNIONFIELD CEMETERY has failed to make full and complete contributions for its employees in violation of ERISA, Sections 502 and 515, 29 U.S.C. §1132 and 1145.

21. By reason of the foregoing, UNIONFIELD CEMETERY is liable to the PENSION FUND in the amount to be determined upon completion of the audit, together with interest, liquidated damages, attorneys' fees and costs, all as provided in ERISA Section 502, 29 U.S.C. §1132.

22. The PENSION FUND is without an adequate remedy at law and will suffer immediate, continuing and irreparable injury unless UNIONFIELD CEMETERY is ordered to specifically comply with the audit and to perform all their required obligations, and is restrained from continuing to refuse to so perform.

WHEREFORE, the PENSION FUND demands judgment against UNIONFIELD CEMETERY as follows:

(a) directing UNIONFIELD CEMETERY and its agents, representative and/or employees to cooperate with the PENSION FUND'S auditors by making available such of its books and records as are necessary for a determination as to whether contributions are owed;

(b) awarding the PENSION FUND judgment in the principal amount of fringe benefit fund contributions due and owing by said audit;

(c) Granting the PENSION FUND reasonable attorneys' fees, costs and expenses of this action, interest on principal from date due until paid, and liquidated damages, calculated twice the prime rate of interest, per annum, as provided for and required pursuant to §502(g)(2) of ERISA, 29 U.S.C. §1132(g);

5

  (d)  Ordering UNIONFIELD CEMETERY to make timely contributions in the future; and

  (e)  Such other and different relief as this Court deems just and proper.

Dated:  New York, New York
     September 24, 2018

         Yours, etc.,

         O'DWYER & BERNSTIEN, LLP

     By: _____
         GARY SILVERMAN (GS9287)
         Attorneys for Plaintiff
         52 Duane Street, 5th Floor
         New York, New York 10007
         (212) 571-7100